Fremont-Smith, J.
This is an action in the nature of certiorari pursuant to G.L.c. 249, §4 where the plaintiff seeks injunctive declaratory and monetary relief under 42 U.S.C. §1983. The plaintiffs claims are broken down into four counts: use of excessive force (Count I); improper placement in a disciplinary segregation unit (Count II); denial of the right to call a witness at a disciplinary hearing (Count III) and denial of access to a videotape (Count IV). The court previously granted summary judgment for the defendants on Counts I and II [1 Mass. L. Rptr. No. 9,195 (November 8,1993)]. For the reasons outlined below, plaintiffs motion for reconsideration of the Court’s previous allowance of summary judgment on Count II is ALLOWED, and defendants are permitted to file a supplemental motion and affidavit as specified below; defendant’s motion for summary judgment on Count III is DENIED and summary judgment for the plaintiff is ALLOWED on this count; and the defendant’s motion for summary judgment on Count IV is ALLOWED.
BACKGROUND
The background of this case is extensively outlined in this court’s order of September 30, 1993 and need not be repeated here. [1 Mass. L. Rptr. No. 9, 195 (November 8, 1993).]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
COUNT II
The plaintiff has asked the court to reconsider its decision to grant summary judgment on Count II of his complaint. In so moving, the plaintiff argues that his placement in the West Wing Security Unit (“WWSU”) constituted “awaiting action” (“AA”) status in name only, and that, in reality, the WWSU is no more than a Disciplinary Segregation Unit (“DSU”) with a different name. The DOC has not disputed this point, except to cite regulations which permit a prisoner to be assigned to AA status.
Having restudied Longval v. Commissioner of Corrections, 404 Mass. 325 (1989), Kenney v. Commissioner of Corrections, 393 Mass. 28 (1984), and Collaazo v. Fair, Sup.Ct. Civ. No. 88-1053 (Oct. 19, 1988), however, the court is convinced that its grant of summary judgment on Count II was premature. In Kenney, the Supreme Judicial Court held that a prisoner awaiting action could not be held in a DSU. Kenney at 34. (“The attempt to justify the action by claiming regulatory definition of an awaiting action area does not contemplate the use of the D.S.U. for inmates who are awaiting action.”) Likewise, in Longval the Court found that it was reversible error for a trial judge to determine — at summary judgment stage — whether an “A.S.U.” (an administrative segregation unit similar to an AA unit) was “substantially the same” as a DSU without first comparing the operating guidelines for both units, id. at 328-29, and noted that the similarity or dissimilarity of the units was essentially a factual question. Finally, in CoUaazo, this court (McH-ugh, J.) noted that to “claim that the plaintiff was placed in Awaiting Action status in the West Wing Segregation Unit.. . and not in the DSU . .. blinks reality.”
While the conditions in the WWSU may have changed since CoUaazo, there is insufficient evidence before the court to decide this issue. If defendants believe that additional undisputed facts can be established, they may file pursuant to Rule 9A and Rule 56, *326 a supplemental motion for summary judgment with a supplemental affidavit, within 30 days, containing the operating guidelines for the DSU and for the WWSU (and comparing their similarity or dissimilarity) and the guidelines for “AA” status.
COUNT III
As the court explained in its earlier decision, “the right to call witnesses and to present documentary evidence cannot be denied without providing a justification.” Ponte v. Real, 471 U.S. 491, 492 (1985). As all parties have agreed, this right is not unlimited, but if it is to be denied, the burden falls on the DOC to show that the denial is “logically related to preventing undue hazards to ‘institutional safety or correctional goals.’ ” Ponte, supra at 497, quoting Wolff v. McDonnell, 418 U.S. 539 (1974).
In order to provide the DOC an opportunity to show that prevention of such hazards was in fact the reason for its refusal to allow Tashiva Williams-Clark to testify, the court provided the DOC twenty-one days to present “sworn testimony specifying the specific reasons, if any, why the testifying of the wife of the plaintiff might have caused ‘undue hazards to institutional safety or correctional goals.’ ” See Ponte, supra at 497. In doing so, the court specifically requested the DOC not to rely on “across-the-board policies denying witness requests” which, under Ponte supra at 496, would not “pass constitutional muster.” In its motion for reconsideration, however, the DOC provides no specific reasons why Tashiva Williams-Clark’s testimony would cause undue hazards. Rather, DOC’s renewed motion for summary judgment (and supporting affidavits) simply reargue why a blanket policy prohibiting non-DOC witnesses from testifying should be permissible.[2]
In support of this argument, the DOC cites Jackson v. DuBois, (D.Mass., Sept. 7, 1993), for the proposition that such a blanket policy is permissible. However, in Jackson, the court specifically concluded that it need not decide the constitutionality of a blanket policy (the very existence of which was in doubt in Jackson) because the plaintiff had failed to follow DOC procedures for calling witnesses.
COUNT IV
Count IV of the plaintiffs complaint requested a certain videotape he believed to be in the possession of the DOC. The DOC has submitted unrebutted sworn affidavits that no such videotape exists. Summary judgment is therefore allowed against plaintiff on that count.
ORDER
For the reasons stated above, plaintiffs motion for reconsideration is ALLOWED with respect to Count II, and defendants are permitted to file, within 30 days, a supplemental affidavit setting forth a copy of the operating guidelines for the “DSU” and for the WWSU, and comparing same. Defendants’ motion for summary judgment is DENIED with respect to Count III, and it is ORDERED plaintiff be provided with a new disciplinary hearing before a different hearing officer within 30 days at which Tashiva Williams-Clark, in addition to any other witnesses of the incident, shall be permitted to testify. Defendants’ motion with respect to Count IV is ALLOWED.

 DOC’s general arguments for a blanket prohibition are, in any event, unpersuasive. There is no apparent reason why DOC’s concern for “swift discipline” required the exclusion of Tashiva Williams-Clark. She had expressed a willingness to attend the scheduled hearing at any time, so that permitting her attendance would not have created any scheduling or notice problems. That her affidavit was discounted by the hearing officer because of perceived inconsistencies merely indicates the importance of having permitted her to explain, in person, any such perceived deficiencies in her affidavit. Nor does the fact that the hearing took place in the West Wing Segregation Unit indicate that security concerns required non-admittance of outsiders. Visitors, including Tashiva, were allowed in the WWSU to visit, and no reason is provided why her attendance could not be permitted to testify.